**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CK ONE CONSULTING SERVICES, INC.,**

                              **Plaintiff,**

    **-against-**                                      **1:13-CV-562**

**MESA TECHNICAL ASSOCIATES, INC.,**

                              **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION & ORDER**

**I. INTRODUCTION**

Before the Court is Defendant's motion for an order dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 41(b) and for entry of default judgment on Defendant's counterclaim. For the reasons that follow, Defendant's motion is granted.

**II. DISCUSSION**

    **a.**   **Dismissal**

Defendant moves for dismissal of the Complaint under Rule 41(b). The grounds are that Plaintiff failed to comply with an Order issued on June 26, 2014 directing Plaintiff's representative to appear for a deposition in the Northern District of New York before July 31, 2014. Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action "[i]f

1

the plaintiff fails to prosecute or to comply with [the] rules or a court order." In considering dismissal under Rule 41(b), the district court must weigh five factors: "(1)the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge had adequately considered a sanction less drastic than dismissal." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

It is clear that Plaintiff failed to abide by the above-reference Order, and acknowledged this failure in an email to Defendant dated July 13, 2103. See Defendant's Exhibit "G" [Dkt. #34-8]. Further, on December 26, 2014, Plaintiff's attorney submitted a letter to the Court waiving response to Defendant's pending motion. See Notice by CK One Consulting Services Inc., Dkt. #43. The Court has considered the above-listed factors in the context of the circumstances of this case and determined that dismissal is proper under Fed. R. Civ. P 41(b) due to Plaintiff's failure to comply with a Court Order and its tacit consent to dismissal.

### b. Default Judgment

Defendant also moves for default judgment on its Counterclaim. The Counterclaim alleges that the balance owed under a contract between Plaintiff and Defendant remains unpaid by Plaintiff.

#### 1. Liability

A party's default is deemed a concession of all well-pleaded allegations of liability. See Greyhound Exhibitgroup Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 113 S. Ct. 1049 (1993). Thus, when determining whether a Plaintiff is entitled to default judgment, the Court must assume that the allegations in the Complaint are true, at least with regard to the issue of liability.

The Clerk of the Court entered Plaintiff's default in response to Defendant's counterclaim. Defendant filed the present motion in response to Plaintiff's default. Subsequently, as indicated above, on December 26, 2014, Plaintiff's attorney submitted a letter to the Court waiving response to Defendant's pending motion. See Notice by CK One Consulting Services Inc., Dkt. #43. Thus, the unopposed allegations and factual assertions in the Complaint are sufficient to establish liability against Plaintiff.

#### 2. Damages

"While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical

computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). "[E]ven upon default, a court may not rubber stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." Overcash v. United Abstract group Inc., 549 F. Supp.2d 193 (N.D.N.Y. 2008). "The burden is on the . . . [defendant] to establish entitled recovery." Bravado Int'l Group Merch. Servs. V. Ninna Inc., 655 F. Supp.2d 177, 189 (E.D.N.Y. 2009); Greyhound Ehibitgroup., Inc., v. E.L.I.L. Realty Group Corp., 973 F.2d 155, 158, 160 (2d Cir. 1992).

Here, Defendant's counterclaim alleges that Plaintiff owes Defendant the remaining balance from their contract in the amount of $134,160.73. The alleged damages on the counterclaim constitute a liquidated amount; no further proof is necessary to establish damages. Based on Plaintiff's default and tacit consent to the pending motion, Defendant's motion for a default judgment against Plaintiff in the amount of $134,140.73 is granted.

**III. CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss the Complaint [doc. #34]is **GRANTED** and the Complaint is **DISMISSED,** and it is further,

**ORDERED** that Defendant's motion for default judgment [doc. #34] is **GRANTED.** The Clerk may enter a judgment in favor of Defendant MESA TECHNICAL ASSOCIATES, INC. against Plaintiff CK ONE CONSULTING SERVICES, INC. in the amount of $134,140.73**.**

**IT IS SO ORDERED.**

**Dated: January 30, 2015**

_____
Thomas J. McAvoy
Senior, U.S. District Judge